UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                    Case No.  2:07-cv-180-FtM-29SPC

TRACT H12-11, 2.5 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, LANSUN TAI, ET AL.,

                    Defendant.
_____

**OPINION AND ORDER**

_____This matter came before the Court on August 4, 2008, for a
bench trial on the matter of just compensation in 13 condemnation
proceedings.  All parties known or believed by plaintiff to have an
interest in the property have been properly served or notified as
provided by FED. R. CIV. P. 71.1.  No property owner or other
claimant appeared at trial.  The Court heard testimony on behalf of
plaintiff from John R. Underwood, Jr., President and owner of
Appraisal and Acquisition Consultants, Inc. since 1983, who
testified on behalf of the government regarding the value of the
parcels of land subject to condemnation proceedings.  Starting in
1971, Mr. Underwood worked as a staff appraiser for First Federal
Savings & Loan Bank for eleven years, has been on the faculty of
the Appraisal Institute since 1981, has his MAI and SRA from the
Appraisal Institute, and is certified by the State of Florida as a
state general appraiser.  Mr. Underwood testified as to the common

characteristics of the land as follows: (1) remote; (2) difficult to access; (3) flooded part of the year; (4) classified as wetlands; (5) zoned with a "highest and best use" of passive recreational use; and (6) vacant with no improvements or structures on the land.  No taking has occurred in any of these cases.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1.   The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaint in Condemnation.

2.   Just Compensation for the taking of the fee simple title to Property, is the total sum of **$1,500 per acre**.  Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3.   Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order.  The Clerk shall administratively close the file pending the entry of final judgment.

4.   On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property.  Upon making such deposit, Plaintiff

will timely notify the Court and move for a final judgment of condemnation.

6.   The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

7.   The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.   Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

8.   In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of August, 2008.

JOHN E. STEELE
United States District Judge

-3-

Copies:
John F. Rudy, III
Kyle Scott Cohen
United States Attorney's Office

E. Glen Tucker, Counsel of Record
Collier County Tax Collector

Parties of record

DCCD
Intake
Finance